UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 08-00119

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

ANTHONY M. MANDIGO                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Count 4 of Indictment (Record Document 13) filed by the defendant, Anthony M. Mandigo.  The defendant argues that Count 4 should be dismissed because the mere presence of a minor as a passenger in the vehicle at the time he allegedly intended to participate in a drug transaction does not establish a violation of Title 21, United States Code, Section 861(a).[1]  He further contends that there is no need for a trial of any factual issues to determine whether the mere presence of a minor in his vehicle could be a sufficient basis for a conviction under Section 861(a); thus,

---

[1]Section 861(a) provides that "it shall be unlawful for any person at least eighteen years of age to knowingly and intentionally –

(1)   employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of this subchapter or subchapter II of this chapter;

(2)   employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this subchapter or subchapter II of this chapter by any Federal, State, or local law enforcement official; or

(3)   receive a controlled substance from a person under 18 years of age, other than an immediate family member, in violation of this subchapter or subchapter II of this chapter."

21 U.S.C. § 861.  Count 4 of the indictment charges the defendant with violation of Section 861(a)(2).

Federal Rule of Criminal Procedure 12 is the proper procedural vehicle to raise the instant challenge.

The Government opposed the motion, arguing that the motion is not proper under Rule 12 because resolution of the motion would require the Court to make determinations of fact. See Record Document 22. The Government notes that the defendant does not claim a defect in the statute, nor any "status" argument that would prevent him from being charged under the statute legally. Rather, the defendant argues that the Government lacks the facts necessary to sustain a conviction. The Government contends that the defendant's argument is one of sufficiency of the evidence and the propr procedure for such attack is a Rule 29 motion for judgment of acquittal, not a Rule 12 motion to dismiss.

The defendant filed the instant motion pursuant to Rule 12(b)(2), which states:

A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

F.R.Cr.P. 12(b)(2). In the Fifth Circuit, "the propriety of granting a motion to dismiss an indictment under [Rule] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." U.S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005). If the motion involves a question of law, then consideration of the motion is generally proper. See id. "A district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." Id. at n.6.

In the motion, the defendant argues that he "is unaware of any contention by the [G]overnment that the defendant used the minor to take any action related to the alleged

drug transaction"; that "the [G]overnment will contend that the presence of a minor in the vehicle was intended to help camouflage an alleged drug transaction"; and that "generalized expert testimony from law enforcement experts that drug dealers sometimes use minors for certain purposes in connection with drug offenses is an insufficient basis for a conviction under this statute." Record Document 13-2 at 2-3. Likewise, in his reply brief, the defendant states that "there is absolutely nothing in the reports of the law enforcement officers involved with the investigation and arrest of Mr. Mandigo indicating that the minor child played any role in the offense." Record Document 25 at 1.

Conversely, the Government argues that "the defendant does not know yet what witnesses will say at trial; nor can he presume to know what the evidence will show or not show about the defendant's knowledge and intent - which is, after all, the province of the trier of fact." Record Document 22 at 2. The Court agrees, as it will be for the jury, not this Court, to determine if the Government has proven beyond a reasonable doubt: (1) that the defendant knowingly and intentionally used, persuaded, induced, enticed, and coerced a minor child, (2) to knowingly and intentionally avoid detection of or apprehension for the particular crime. See U.S. v. Alarcon, 261 F.3d 416, 422 (5th Cir. 2001). At trial, the Government is free to present direct and/or circumstantial evidence, in addition to the evidence that a minor child was present as a passenger in the vehicle at the time the defendant allegedly intended to participate in a drug transaction, that the defendant used, persuaded, induced, enticed, and coerced a minor child. Simply put, the Government is entitled to present its witnesses and other evidence at trial, such that the jury can determine the defendant's state of mind and whether the defendant used the minor to take any action related to the alleged drug offenses charged in the Indictment. If the jury

decides that the defendant knowingly and intentionally used, persuaded, induced, enticed, and coerced a minor child to knowingly and intentionally avoid detection of or apprehension for the drug offenses outlined in Counts 1-3 of the Indictment, then the defendant may urge a Rule 29 motion for judgment of acquittal, at which time the Court will determine whether the Government presented evidence from which a rational trier of fact could infer the same.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss Count 4 of Indictment (Record Document 13) filed by the defendant, Anthony M. Mandigo, be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE